**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JAN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10096 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-08122-SPL-1 |
| v. | |
| ROY RED JOEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 18, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Roy Red Joey appeals his conviction on two counts of abusive sexual

contact of a minor and two counts of committing a felony offense involving a

minor while required to register as a sex offender. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we do not repeat them here.

1.  Contrary to the government's argument, Joey adequately preserved his objection to the expert testimony pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993). However, even assuming, *arguendo*, that the expert testimony was admitted in error, any error was harmless in light of Joey's admission that touching occurred and that he was sexually gratified by it.

2.  Assuming, *arguendo*, that the district court erroneously excluded the children's testimony about Joey's wife, any error was harmless. Joey had opportunities to show that the statements were not credible or consistent. And the jury appears to have disbelieved the children's testimony in some respects, given two not-guilty verdicts and two failures to render verdicts.

3.  The district court did not err in admitting Joey's October 15, 2012 statements to the Federal Bureau of Investigation. Although the FBI's internal policy to conduct polygraph examinations without recording them makes review more difficult, the totality of the circumstances support the district court's determination that Joey's statements were voluntary.

4.    Assuming, *arguendo*, that the district court erred by overruling two of Joey's hearsay objections and sustaining one of the government's hearsay objections, any error was harmless given Joey's admission that he touched the children, and that he was sexually gratified.

5.    Joey acknowledges that in *United States v. Zepeda*, 792 F.3d 1103 (9th Cir. 2015) (en banc), we rejected a constitutional challenge to the Indian Major Crimes Act. *Zepeda* remains good law; thus, Joey's Fifth Amendment rights to due process and equal protection were not violated by his federal prosecution.

6.    The district court properly explained why it was rejecting the defendant's sentencing position. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc) (describing requirement). The district court reviewed the Presentence Report, Joey's objections to the report, and the government's response, as well as the charging document and the government's sentencing memorandum, and heard argument by both parties. The district court overruled Joey's objections to the Presentence Report, indicating that it had adequately considered Joey's arguments.

7.    Assuming, *arguendo*, that the district court's determination was an upward departure, rather than merely a variance under § 3533(a), and that the

district court failed to give the parties "reasonable notice," under Federal Rule of Criminal Procedure 32(h), that it was considering an upward departure from the Sentencing Guidelines, the district court did not commit plain error. *See United States v. Sherwood*, 98 F.3d 402, 402 (9th Cir. 1996) (describing plain error review). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. If the failure to provide notice is plain error, we will grant relief if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008) (citation omitted). The government sought life imprisonment, so Joey had an opportunity to comment on potential grounds for an upward departure at the sentencing hearing and the issues that impacted sentencing were adequately tested. Any alleged error is harmless.

8.     The district court appears to have based its sentencing decision in part on an impermissible factor, namely that Joey was a danger to the community because of his "elder" status. When a "district court consider[s] both proper and improper bases for departure, we have no way to determine whether any portion of the sentence was based upon consideration of the improper factors." *United States v. Montenegro-Rojo*, 908 F.2d 425, 428 (9th Cir. 1990) (citation omitted). In such a case, we "must determine whether the district court would have imposed the

same sentence based upon valid factors, not whether it *could* have based its departure on the remaining factors." *Sherwood*, 98 F.3d at 414 (emphasis in original).

Based on the other statements the judge made at the sentencing hearing, it is clear the district court would have imposed the same sentence absent consideration of Joey's "elder" status. Therefore, any error did not affect the selection of its sentence and remand on this ground is unwarranted.

**AFFIRMED.**